UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

MATTHEW A. PEQUIGNOT
1636 R Street, NW
Third Floor
Washington, D.C. 20009

      Plaintiff,

v.

GILLETTE
P.O. Box 61
Boston, MA 02199

and

THE GILLETTE COMPANY
Prudential Tower Building
Boston, MA 02199

and

THE PROCTER & GAMBLE COMPANY
One Procter and Gamble Plaza
Cincinnati, OH 45202

      Defendants.

Case No. 1:08CV49

COMPLAINT FOR FALSE PATENT MARKING

      Plaintiff MATTHEW A. PEQUIGNOT (hereinafter referred to as "PEQUIGNOT"), for his Complaint against Defendants GILLETTE; THE GILLETTE COMPANY (hereinafter referred to as "GILLETTE CO."); and THE PROCTER & GAMBLE COMPANY (hereinafter referred to as "P&G") (hereinafter collectively referred to as DEFENDANTS), alleges as follows:

### NATURE OF THE CASE

1.    This is an action for false patent marking under Title 35, Section 292, of the United States Code.

COMPLAINT FOR FALSE PATENT MARKING

2. At least in part, it is alleged that DEFENDANTS' marking of a plurality of their products with patent numbers of expired patents and/or with patent numbers of patents that do not have a scope which covers the marked products is a violation of 35 U.S.C. §292(a).

3. PEQUIGNOT seeks an award of monetary damages against DEFENDANTS, one-half of which shall be paid to the United States pursuant to 35 U.S.C. §292(b).

## THE PARTIES

4. PEQUIGNOT is an individual residing in Washington, D.C. with a correspondence address of 1636 R Street, NW, Third Floor, Washington, D.C. 20009.

5. Upon information and belief, GILLETTE is a wholly owned division of P&G having a principal correspondence address of P.O. Box 61, Boston, MA 02199.

6. Upon information and belief, prior to being acquired by P&G, GILLETTE CO. was a corporation organized and existing under the laws of Delaware, having its principal place of business at Prudential Tower Building, Suite 4800, Boston, MA 02199.

7. Upon information and belief, P&G is a corporation organized and existing under the laws of Ohio, having its principal place of business at One Procter and Gamble Plaza, Cincinnati, OH 45202.

## JURISDICTION, VENUE, AND STANDING

8. This Court has jurisdiction of this action under 28 US.C. §§1331 and 1338(a).

9. Venue is proper in this District under 28 U.S.C. §§1391(c) and 1395(a) because, at least in part, DEFENDANTS' products, the subject matter of this cause of action, are offered for sale and sold in various retail stores in this District.

COMPLAINT FOR FALSE PATENT MARKING                                                              2

10. PEQUIGNOT brings this action under 35 U.S.C. §292(b) which provides that any person may sue for civil monetary penalties for false patent marking.

## DEFENDANTS' FALSELY MARKED PRODUCTS

11. Upon information and belief, DEFENDANTS, collectively or individually, have in the past manufactured and marketed (or caused to be manufactured and marketed) and presently manufacture and market (or cause to be manufactured or marketed) products for sale to the general consuming public, including, among other things, razors, razor blade cartridges, and antiperspirant and deodorant products.

12. Upon information and belief, DEFENDANTS, collectively or individually, have in the past marked (or caused to be marked) and presently mark (or cause to be marked) at least the following products (directly or on the packaging thereof) with the numbers of expired patents and/or the numbers of patents having scopes which do not cover the marked products: Gillette CustomPlus Pivot, Soft Ultra Grip, Extra Lubricating Power with Natural Oils (5 pack) razors; Gillette CustomPlus Pivot, Softer Ultra Grip, Extra Lubricating Power (5 pack) razors; Gillette Good News! (5 pack) razors; Gillette CustomPlus (5 pack) razors; Gillette Good News! (12 pack) razors; Venus (4 pack) cartridges; Venus (8 pack) cartridges; Venus Divine (4 pack) cartridges; Venus Divine (8 pack) cartridges; Venus Breeze (4 pack) cartridges; Venus Vibrance (4 pack) cartridges; Gillette CustomPlus UltraGrip (10 pack) razors; Gillette CustomPlus Soft UltraGrip Pivot (10+2 pack) razors; Gillette Sensor 3 (4 pack) razors; Gillette SensorExcel razor; Gillette for Women SensorExcel (10 pack) cartridges; Gillette Mach3 Turbo razor; Gillette TracIIPlus (10 pack) cartridges; Gillette Venus razor; Gillette AtraPlus (10 pack) cartridges; Gillette Sensor Excel (10 pack) cartridges; Venus Disposables, Sensitive Skin (3 pack) razors; Venus Disposables Malibu (3+1 pack) razors; Gillette M3 Power (4 pack) cartridges; Gillette M3 Power (8 pack) cartridges; Venus Disposables, Smooth Skin (3+1 pack) razors; Venus Divine razor; Gillette Daisy 3 (4+2 pack) razors; Gillette for Women SensorExcel (5 pack) cartridges with botanical oils; Gillette M3 Power Nitro razor; Venus Breeze 12 Cartridges with Shave Gel

COMPLAINT FOR FALSE PATENT MARKING                             3

Bars with bonus razor; Gillette CustomPlus 52 Razors, Pivot, Soft UltraGrip, Extra Lubricating Power; Gillette SensorExcel (25 pack) cartridges; Gillette M3 Power (16 pack) cartridges; Gillette Mach3 Turbo (16 pack) cartridges with Aloe and Vitamin E; Gillette Venus (16 pack) cartridges; Gillette Series Invisible Solid Cool Wave Antiperspirant & Deodorant; Cool Right Guard Sport Anti-Perspirant Deodorant Gel; and/or Right Guard Sport Cool Clear Gel Anti-Perspirant Deodorant;.

## CAUSE OF ACTION FOR FALSE PATENT MARKING

13. PEQUIGNOT repeats, realleges, and incorporates by reference each and every paragraph above as if set forth fully herein.

14. When a patent expires, all monopoly rights in the patent terminate irrevocably. Therefore, a product marked with an expired patent is not currently patented by such expired patent.

15. Upon information and belief, DEFENDANTS are sophisticated companies which have many decades of experience with applying for, obtaining, and litigating patents, and know (themselves or by their representatives), at least constructively, that patents expire (i.e., that they do not have an indefinite duration).

16. Upon information and belief, DEFENDANTS know, or at least should know (themselves or by their representatives), that one or more of the patents marked on the products identified in paragraph 11 above are expired.

17. Because all monopoly rights in an expired patent have terminated, DEFENDANTS cannot have any reasonable belief that the products identified in paragraph 11 above are patented or covered by the expired patents marked on such products.

COMPLAINT FOR FALSE PATENT MARKING                                                4

18. Certain of the patents marked on the products identified in paragraph 11 above (directly or on the packaging thereof) have scopes which unmistakably do not cover the product on which such patents are marked. Because the scope of such patents is unmistakably different than the products on which they are marked, DEFENDANTS cannot have any reasonable belief that such products are patented by such patents.

19. Upon information and belief, DEFENDANTS know, or at least should know (themselves or by their representatives), that certain of the products identified in paragraph 11 above are marked (directly or on the packaging thereof) with patents which have scopes which do not cover such products and, therefore, that such products are unpatented by such patents.

20. At least for the reasons set forth herein, and/or for other reasons which will be later evidenced, DEFENDANTS have, on information and belief, "falsely marked" their products, with the intent to deceive the public, in violation of 35 U.S.C. §292.

## DAMAGES

21. Each expired patent marked on the products identified in paragraph 11 above and/or each patent marked on such products which has a scope which does not cover the product on which it is marked (directly or on the packaging thereof), is likely to, or at least has the potential to, discourage or deter each person or company (itself or by its representatives) which views it from commercializing a competing product.

22. Upon information and belief, DEFENDANTS' marking of their products with the numbers of expired patents and/or the numbers of patents having scopes which do not cover the marked products, as described above and/or as will be further later evidenced, has wrongfully quelled competition with respect to such products to an immeasurable extent thereby causing harm to the United States in an amount which cannot be readily determined.

COMPLAINT FOR FALSE PATENT MARKING                                          5

23. Upon information and belief, for at least the reasons set forth herein, DEFENDANTS have wrongfully and illegally advertised patent monopolies which they do not possess and, as a result, have likely benefited in at least maintaining their considerable market share with respect to the herein described products in the market place.

24. For at least the reasons provided herein, and/or for other reasons which will be later evidenced, each expired patent which is marked on a product and/or each patent which is marked on a product which has a scope which does not cover the product on which it is marked (directly or on the packaging thereof) likely, or at least potentially, contributes to the public harm. Therefore, each expired patent marked on a product and/or each patent which is marked on a product which has a scope which does not cover the product on which it is marked (directly or on the packaging thereof), multiplied by the number of products and/or packaging materials on which it appears (e.g., each product or package sold in a retail store), is a separate "offense" pursuant to 35 U.S.C. §292(a).

**PRAYER FOR RELIEF**

WHEREFORE, PEQUIGNOT requests this Court, pursuant to 35 U.S.C. §292, to:

A. Enter judgment against DEFENDANTS and in favor of PEQUIGNOT for the violations alleged in this Complaint;

B. Order DEFENDANTS to pay a civil monetary fine of $500 per false marking "offense", or an alternative amount as determined by the Court, one-half of which shall be paid to the United States.

C. Grant PEQUIGNOT such other and further relief as it may deem just and equitable.

COMPLAINT FOR FALSE PATENT MARKING                                      6

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), PEQUIGNOT hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

Dated: January 15, 2008

Matthew A. Pequignot
*Pro se*